**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| ROGER ANTONIO BETTIS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden MARTY ALLEN, and Deputy | : | |
| Warden CALVIN ORR, | : | |
| | : | NO. 7:14-CV-61-HL-TQL |
| Defendants. | : | |
| | : | **ORDER & RECOMMENDATION** |

*Pro se* Plaintiff **ROGER ANTONIO BETTIS, JR.**, an inmate at Valdosta State Prison ("VSP"), filed a 42 U.S.C. § 1983 complaint (Doc. 1).   In compliance with this Court's April 28, 2014 Order (Doc. 5), Plaintiff has submitted a recast complaint (Doc. 8).

The Court previously granted Plaintiff's request to proceed *in forma pauperis* and waived the initial partial filing fee (Doc. 5).   Plaintiff is nevertheless required to pay the full $350.00 filing fee, as is discussed below.   The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of VSP.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

1

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d

2

1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

In his recast complaint, Plaintiff alleges that he was attacked by large groups of inmates and suffered severe injuries on two separate occasions -- May 3, 2012[1] and December 7, 2013. According to Plaintiff, Defendant Deputy Warden Calvin Orr threatened to have Plaintiff beaten by other inmates in April 2012.   Plaintiff also alleges that in September (year unspecified), Orr stated to "all the inmates" in Plaintiff's cell building, "We got a snitch in here and he's a lot of trouble.   But, if you do find him and all of you come together and beat him or kill him, no one will be found guilty or punished."   Plaintiff states that Orr acted based upon his mistaken belief that Plaintiff was a member of the "Gangsta Disciples" gang.

In addition to Orr, Plaintiff names Warden Marty Allen as a Defendant.   Plaintiff does not, however, allege any facts regarding Allen.   In addition to failing to state any actions or omissions on the part of Allen, Plaintiff does not allege that Allen was aware of Orr's actions.

## II.  DISCUSSION

It is well settled that prison officials have "a duty . . . to protect prisoners from violence at the hands of other prisoners."   *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).   Although not

---

1  The May 3, 2012 attack was the subject of a separate complaint, *Bettis v. Maine, et al.*, 7:13-cv-71 (HL), which the parties agreed to dismiss without prejudice in December 2013.

every injury inflicted by another inmate results from a violation of the Constitution, the Eighth Amendment is violated if a prisoner is seriously injured as a result of a "prison official's 'deliberate indifference' to a substantial risk of serious harm . . . ." *Id.* at 828, 834.   This requires a showing that the official was "subjectively aware" of and nonetheless disregarded an excessive risk to the inmate's safety.   *See id.*   That being said, in cases involving inmate violence, a prisoner is not required to show that the prison official was subjectively aware of "precisely who would attack whom;" it is sufficient if the prison official is aware of "a generalized, substantial risk of serious harm from inmate violence." ***Hale v. Tallapoosa Cnty.***, 50 F.3d 1579, 1583 (11th Cir. 1995) (quoting ***Farmer***, 511 U.S. at 843).

### A.   Warden Marty Allen

As noted above, Plaintiff makes no allegations whatsoever against Warden Allen. Plaintiff therefore fails to state a colorable claim against Allen either under the Eighth Amendment standard set forth above or under *respondeat superior* or supervisory liability.   "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."   ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).   A supervisor may be liable only if he:   "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."   ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)).   Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of Warden Allen. Accordingly, it is hereby **RECOMMENDED** that Warden Marty Allen be **DISMISSED** as a Defendant herein.

4

Said dismissal will be without prejudice, however.2

Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### B.   *Deputy Warden Calvin Orr*

Liberally construed in Plaintiff's favor, his allegations state a colorable Eighth Amendment claim against Deputy Warden Calvin Orr.3   It is thus **ORDERED** that service be made on Defendant Orr and that he file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

---

2  Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim.   ***Duff v. Steub***, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

3  In his original complaint, Plaintiff also alleged religious exercise and retaliation/free speech claims against the Defendants.   In its April 28th Order, the Court informed Plaintiff that he had no free exercise claim arising out of the "B.E.T.T.I.S. Academy Religion of God," and that he must provide more specific allegations to support his retaliation claims.   Plaintiff did not raise either the religious exercise or retaliation claims in his recast complaint and the Court will therefore not consider these claims.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from

one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 24th day of June, 2014.

8

s/**THOMAS Q. LANGSTAFF**
UNITED STATES MAGISTRATE JUDGE

cr