IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROGER ANTONIO BETTIS, JR., :<br>:<br>Plaintiff, :<br>:<br>VS. :<br>:     **7 : 14-CV-61 (HL)**<br>CALVIN ORR, :<br>:<br>Defendant. :<br>_____ : | |

**ORDER & RECOMMENDATION**

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Plaintiff's Motion for Injunctive Relief and Motions to Amend. (Docs. 11, 13, 15).

*Injunctive Relief (Doc. 11)*

Plaintiff has filed a Motion requesting a preliminary injunction. Plaintiff states that Warden Allen and Defendant Orr are trying to kill Plaintiff. Plaintiff maintains he was stabbed 28 times by another inmate on June 11, 2014 and, after he was stabbed, Defendant Orr allegedly laughed at Plaintiff. Plaintiff states that when he asked his attacker why he stabbed Plaintiff, the attacker said it was "because Warden Orr said you a snitch!" (sic). (Doc. 11).

A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). In order to obtain preliminary injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public

interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority*, 489 F.2d at 573).

Plaintiff has provided no evidence demonstrating that he is likely to prevail on the merits of this claim. The Motion contains no facts showing that Warden Allen had any involvement in the attack on Plaintiff. The only allegations against Deputy Warden Orr are that he laughed at Plaintiff after the attack, and that an inmate said Orr had called Plaintiff a snitch. Without more than these blanket allegations, there is no evidence to show that Plaintiff will likely prevail on the merits of this claim.

Plaintiff has also failed to show that he will suffer irreparable harm if injunctive relief is not issued. "Any injury is irreparable only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983). Further, an "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiff alleges that he was harmed, but he was given medical treatment after the attack. He has provided no evidence or allegations that he is being threatened with an actual and imminent injury. Thus, Plaintiff has not alleged irreparable harm.

As Plaintiff has failed to show that he will likely prevail on the merits or suffer irreparable injury unless the Court issues preliminary injunctive relief, the undersigned recommends that

Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 11) be **DENIED**[1]. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motions to Amend (Docs. 13, 15)*

Plaintiff filed Motions to Amend on July 9, 2014 and August 8, 2014. In his July Motion to Amend, Plaintiff seeks to add claims against now-dismissed defendant Marty Allen. (Doc. 13). In addition, Plaintiff appears to attach a separate complaint alleging claims against Valdosta State Prison employees Warden Allen, Deputy Warden Calvin Orr, Unit Manager Carter, and Sergeant Staten as a result of an incident separate and distinct from the incident giving rise to the instant action. (*See* Docs. 13, 13-1, 13-2). In his August Motion, Plaintiff alleges claims against Deputy Warden Emmons for refusing to transfer Plaintiff and for placing Plaintiff in the incorrect prison cell, and against Chief Counselor Woods for refusing to file and process Plaintiff's grievances. (Doc. 15).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[1] To the extent Plaintiff seeks a preliminary injunction against non-parties named in this Motion, the Court notes that it lacks subject matter jurisdiction to issue a preliminary injunction against a non-party. *Infant Formula Antitrust Litigation, MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995); *see also Bowman v. Crosby*, 2005 WL 1278173, *1 (N.D. Fla. May 26, 2005) ("the persons from whom injunctive relief is sought must be parties to the underlying action").

3

>   (2) *Other Amendments*
>   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

*July Motion to Amend (Doc. 13)*

Plaintiff filed his initial Complaint on April 24, 2014. (Doc. 1). The court ordered service on Defendant Orr, and recommended Defendant Allen be dismissed on June 24, 2014. (Doc. 9). Defendant Allen was dismissed by Order dated July 18, 2014. (Doc. 14). As Defendant Orr has not filed a response, Plaintiff's Motion has been filed within 21 days of any response that will be filed by Defendant Orr, and thus Plaintiff's first Motion to Amend is timely filed under Rule 15(a)(1)(B). The Court lacks the discretion to reject an amended complaint when Plaintiff has the right to file an amended complaint as a matter of course. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007). Accordingly, Plaintiff's July Motion to Amend, as alleged in pages 1-3 of Document 13, is **GRANTED**.

Although Plaintiff's July Motion is granted, the new claims remain subject to review and possible dismissal under 28 U.S.C. § 1915(e). A federal court is required to dismiss a prisoner complaint that is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). The pleading must be more than an "unadorned, the-defendant-unlawfully-

4

harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

In his initial Complaint, Plaintiff alleges that Defendant Orr threatened to have Plaintiff beaten by inmates in April of 2012, and that Plaintiff was beaten by inmates on May 3, 2012 and on December 7, 2013.[2]  (Doc. 8).  In his July Motion to Amend, Plaintiff alleges that, in January of 2014, Defendant Allen threatened to beat Plaintiff if Plaintiff filed another grievance or lawsuit.  (Doc. 13).  Defendant Allen allegedly denied Plaintiff's grievances, and did not answer Plaintiff's requests or witness statements.  Plaintiff contends that he provided Defendant Allen with written statements, and told Defendant Allen that Defendant Orr had threatened to use inmates to kill Plaintiff.  Plaintiff maintains that Defendant Allen is liable because he is responsible for the operation of Valdosta State Prison ("VSP").

*Verbal Threat*

Plaintiff alleges that Defendant Allen verbally threatened to have Plaintiff beaten up if he continued to file grievances and lawsuits.  (Doc. 13).  "Verbal harassment alone is insufficient to state a constitutional violation under 42 U.S.C. § 1983." *Harris v. Rambo*, 2013 WL 5355468, *18 (N.D. Ala., Sept. 24, 2013); *see Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) (noting that mere verbal taunts directed at a prisoner from a jail official, despite their distressing nature, do not violate the inmate's constitutional rights).  Plaintiff has alleged only one threatening statement made by Defendant Allen, and has not alleged that he was beaten for

---

[2] In additional documents filed with this Court (i.e. the Motion for Injunctive Relief), Plaintiff states that he was beaten by an inmate on June 11, 2014.  In his July Motion to Amend, Plaintiff does not allege that Defendant Allen is liable for the June 2014 attack.

filing lawsuits or grievances, or as a result of Defendant Allen's threats. Additionally, Plaintiff has not alleged that the single verbal threat deterred him from filing lawsuits or grievances. Thus, Plaintiff has failed to state a claim as to the allegation that Defendant Allen threatened Plaintiff. *See York v. Chestnut*, 2013 WL 4804502, *6 (M.D. Fla., Sept. 9, 2013) (finding the plaintiff failed to state a claim when the plaintiff alleged that the defendants threatened to beat the plaintiff to death if he continued to file grievances or a lawsuit).

*Grievances*

Plaintiff maintains that Defendant Allen violated Plaintiff's rights when he denied Plaintiff's grievances, and failed to respond to statements and grievances. (Doc. 13). "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, 178 Fed. Appx. 876, 878 (11th Cir. 2006). "[A]lleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under §1983." *Blackerby v. McNeal*, 2008 WL 2047814, * 2 (S.D. Ga., May 13, 2008). Additionally, "[a]s a general rule, a [prison official] may not be held liable under § 1983 for failure to respond to grievances and letters." *Thomas v. Humphrey*, 2013 WL 3282892, *5 (M.D. Ga., June 27, 2013); *Dunn v. Martin*, 178 Fed. Appx. 876, 878 (11th Cir. 2006) (finding the plaintiff did not have a constitutionally protected interest in receiving responses to his letters and grievance); *Huey v. Danforth*, 2012 WL 5354563, *3 (M.D. Ga., Oct. 29, 2012) ("a prison warden may not be held liable for damages based merely on his failure to respond to an inmate's letter of complaint").

As Plaintiff does not have a constitutional right to engage in the prison grievance process, Defendant Allen cannot be held liable for denying Plaintiff's grievances, or for his failure to respond to Plaintiff's requests and witness statements. Plaintiff's claim against Defendant Allen

for denying grievances and failing to respond to grievances and statements is not actionable under § 1983.

*Failure to Protect*

Plaintiff also appears to allege that Defendant Allen failed to protect Plaintiff from inmate attacks, violating his Eighth Amendment rights. (Doc. 13). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[ ] reasonably to the risk.'" *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (quoting *Farmer*, 511 U.S. at 843). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832. "The known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference*.*" *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Edwards v. Gilbert*, 867 F.3d 1271, 1276 (11th Cir. 1989)).

Plaintiff alleges that he wrote statements to Defendant Allen informing him that he had been beaten and sexually assaulted at VSP, and he notified Defendant Allen that Defendant Orr had threatened to use inmates to kill Plaintiff if Plaintiff did not dismiss a lawsuit. (Doc. 13).

Filing a grievance, letter, or medical request form does not alone show that a supervisor had knowledge of a serious risk of harm. *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D.

Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding that filing letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm); *Webb v. Corrections Corp. of America*, 2008 WL 3554445, *4 (S.D. Ga. July 9, 2008) (allegations that the plaintiff submitted "medical forms" and "medical requests", as well as letters, were insufficient to show the defendants had knowledge). Plaintiff's written statements to Defendant Allen do not show that Defendant Allen had knowledge that Plaintiff faced a substantial risk of a serious harm.

Additionally, Plaintiff alleges that, on an unspecified date, he told Defendant Allen that Defendant Orr gave inmates cigarettes, phones, and drugs "as a pay off (sic) to use inmates to attack" Plaintiff. (Doc. 13). Plaintiff maintains that in "Sept. of 2014" (sic) he warned Defendant Allen that Defendant Orr was threatening to use inmates to kill Plaintiff and had labeled Plaintiff a "snitch." Plaintiff does not allege, in this Motion, that he was attacked after telling Defendant Allen about Defendant Orr's alleged conduct.

Plaintiff has not alleged that Defendant Allen acted with deliberate indifference once he was made aware of the threats made against Plaintiff. There are no allegations that Defendant Allen failed to act, or took action that adversely affected Plaintiff. Plaintiff does not even allege any facts as to how, if at all, Defendant Allen responded to the statements made regarding Defendant Orr's alleged conduct. Plaintiff alleges only that he informed Defendant Allen of Defendant Orr's alleged conduct.

While it appears Plaintiff was allegedly beaten in June of 2014, presumably after he informed Defendant Allen of Defendant Orr's alleged conduct, Plaintiff does not allege facts

showing any relationship between the June 2014 attack and Defendant Allen's action in this Motion to Amend. The filings as to the June 2014 attack also fail to allege Defendant Allen's knowledge of and actions regarding the alleged threats to Plaintiff's safety. (*See* Docs. 11, 13, pp. 7-12).

The July Motion to Amend fails to allege that Defendant Allen took any action that showed a conscious or callous indifference to Plaintiff's safety, and thus Plaintiff has failed to state a deliberate indifference claim against Defendant Allen. *Smith v. Reg'l Director of Florida Dept. of Corrections*, 368 Fed. Appx. 9, 14 (11th Cir. 2010) ("a plaintiff must allege a conscious or callous indifference to a prisoner's rights"); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982) (a prisoner plaintiff must allege "a conscious or callous indifference to prisoners' rights").

*Vicarious Liability*

Plaintiff alleges that Defendant Allen is also liable under §1983 because Defendant Allen is the Warden of VSP, and is therefore responsible for the operation of the prison and the welfare of the inmates. (Doc. 13). A supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of *respondeat superior*, or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

There are no allegations that Defendant Allen was personally involved in any alleged denial of Plaintiff's rights, nor are there allegations that there is a causal connection between

9

Defendant Allen and the alleged denial of rights. Accordingly, Plaintiff has failed to state a claim against Defendant Allen solely because he is the Warden of VSP.

*Conclusion*

The Court finds that Plaintiff has failed to state a claim against Defendant Allen as to each of the claims alleged in the July Motion to Amend. Accordingly, the undersigned recommends that Defendant Allen be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***August Motion to Amend (Doc. 15)***

Plaintiff's August Motion to Amend was also filed prior to any response by Defendant Orr. While the August Motion would be timely pursuant to Rule 15(a)(1)(B), the Rule provides that a party may amend only <u>once</u> as a matter of course. As the August Motion is Plaintiff's second Motion to Amend, Plaintiff's August Motion cannot be granted as a matter of course.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"

10

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In Plaintiff's August Motion to Amend, he alleges that Chief Counselor Woods refused to file and process his grievances. (Doc. 15). As stated above, "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn*, 178 Fed. Appx. at 878. "[A]lleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under §1983." *Blackerby*, 2008 WL 2047814, * 2. As Plaintiff alleged only that Chief Counselor Woods refused to process Plaintiff's grievances, Plaintiff has failed to state a claim upon which relief can be granted as to the claim alleged against Chief Counselor Woods.

Plaintiff also alleges that Deputy Warden Emmons changed Plaintiff's housing assignment to help Defendant Orr have Plaintiff killed. (Doc. 15). Deputy Warden Emmons is alleged to have refused to transfer Plaintiff to a different prison, and to have placed Plaintiff in the incorrect dorm, sending Plaintiff to solitary confinement.

"[A] prisoner has no constitutional right to be transferred to, or to remain in, any particular penal facility." *Jolly v. Van Peavy*, 2012 WL 4829269, * 3 (M.D. Ga., Aug. 30, 2012) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). Plaintiff does not provide any supporting facts showing Deputy Warden Emmons's reason for refusing to transfer Plaintiff, or for placing Plaintiff in solitary confinement. Plaintiff provides only conclusory allegations that Deputy Warden Emmons is responsible for housing decisions that impacted Plaintiff, and moved Plaintiff for Defendant Orr. At most, Plaintiff has provided only generalized allegations that he believes Deputy Warden Emmons has violated Plaintiff's rights based on his housing assignments. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted as to the claims alleged against Deputy Warden Emmons. *See West v. Giles*, 2005 WL 1389877,

\*10 (M.D. Ala, June 9, 2005) (finding a prisoner "has no liberty interest in being housed in a particular institution nor in general population").

The Court finds that the proposed amendments in Plaintiff's August Motion to Amend would be dismissed for failure to state a claim, and thus, are futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). As Plaintiff's August Motion to Amend (Doc. 15) is futile, the August Motion to Amend is **DENIED**.

*Additional Complaint*

Plaintiff also appears to have filed an entirely new complaint and motion to proceed *in forma pauperis* related to an inmate attack that occurred in June of 2014. (Docs. 13, p. 5-14, 13-1, 13-2). The allegations contained in this new complaint appear to be unrelated to the current action. "Allowing plaintiff to bring unrelated claims in a single suit would undermine the objectives of the PLRA. Under the PLRA, each complaint requires a fee payment, and if a prisoner files more than three frivolous complaints, the PLRA presents a bar against future litigation." *Harris v. Georgia*, 2008 WL 1758824, \*2 (S.D. Ga., April 16, 2008) (internal quotations omitted). Accordingly, the Clerk of Court is **DIRECTED** to open a new case file with Documents 13, pp. 5-14, 13-1, and 13-2, and an initial review shall then be completed under 28 U.S.C. § 1915A.

**SO ORDERED AND RECOMMENDED**, this 25th day of August, 2014.

*s/ THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**