IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**ROGER ANTONIO BETTIS, JR.**,

    Plaintiff,

v.

**CALVIN ORR**,

    Defendant.

Civil Action No. 7:14-CV-61 (HL)

**ORDER**

    This case is before the Court on a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 17). Judge Langstaff recommends that Plaintiff's Motion for Injunctive Relief (Doc. 11) be denied; that Plaintiff's claims in the July 2014 Motion to Amend the Complaint ("July Motion") (Doc. 13) be denied in part; and that the August 2014 Motion to Amend the Complaint ("August Motion") (Doc. 15) be denied in full. For those portions of the July Motion that Judge Langstaff does not recommend denying, he suggests that they be construed as an additional complaint and assigned a separate case number. Plaintiff Roger Antonio Bettis, Jr. ("Plaintiff") has filed Objections (Doc. 26) to the Recommendation. After making a *de novo* review of the Recommendation, the Court accepts and adopts it in full.

**Motion for Injunctive Relief**

The magistrate judge has properly recommended that the motion for injunctive relief be denied. Plaintiff asks for a restraining order against Warden Allen and Deputy Warden Calvin Orr ("Orr") on the basis that they are supposedly threatening to kill him. Beyond the conclusory allegation that Warden Allen is threatening to kill Plaintiff, the motion does not allege any facts with regard to the warden. As for Orr, the motion only claims that he laughed after Plaintiff was stabbed and that another inmate told Plaintiff that Orr had said that Plaintiff was a snitch. Plaintiff has thus clearly not carried his burden of persuading the Court that there is a substantial likelihood he will prevail on the merits or will suffer irreparable injury absent the injunction. *See* United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983) (listing the requirements for a preliminary injunction).

**July Motion to Amend**

In an approach that seems sensible, Judge Langstaff construes the first three pages of the July Motion as a motion to amend the Complaint to add claims for constitutional violations against Warden Allen, who was earlier dismissed from this case. Because no responsive pleading to the Complaint had been filed when Plaintiff filed the July Motion, it is granted as a matter of course. *See* Williams v. Bd. of Regents of the Univ. Sys. of Ga., 477 F.3d 1282, 1292 n. 6

(11th Cir. 2007). However, the claims contained in the July Motion remain subject to review and possible dismissal under 28 U.S.C. § 1915(e), which directs courts to dismiss a prisoner complaint brought *in forma pauperis* ("IFP") if it is "frivolous or malicious … [or] fails to state a claim on which relief may be granted…."

Although the motion to amend is granted, the Recommendation correctly concludes that the new claims against Warden Allen must be dismissed pursuant to a § 1915(e) review. Plaintiff alleges that Warden Allen threatened to kill him and denied all of his prison grievances, but, standing alone, these actions do not rise to the level of a constitutional violation under 28 U.S.C. § 1983. *See* Harris v. Rambo, No. 4:11-cv-01646, 2013 WL 5355468, at *18 (N.D. Ala. Sept. 24, 2013) (citing cases with reference to verbal threats and taunts); Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. April 21, 2006) (stating that "a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure"). Plaintiff also claims that Warden Allen violated the Eighth Amendment by failing to protect him from inmate attacks, but he fails to allege that the warden responded unreasonably after learning of a substantial risk of harm to the prisoner, which such a claim requires. *See* Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1028 (11th Cir. 2001) (abrogated in part, and on other grounds, by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 551-63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Finally, Plaintiff's motion does not adequately allege a claim of vicarious liability

3

against Warden Allen because the motion does not state that the warden was personally involved in or causally connected to a violation of Plaintiff's rights.

**August Motion to Amend**

Plaintiff filed an additional motion to amend on August 8, 2014. Federal Rule of Civil Procedure 15 only allows a party to amend a pleading once as a matter of course, so the August Motion may not be granted as a matter of course. A district court has discretion to grant leave for a party to amend his pleading, but a court need not grant a motion to amend a complaint if the amendment would be futile. See Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993).

Because the new claims that Plaintiff seeks to add with his August Motion fail to state a claim upon which relief may be granted, the motion is denied as futile. First, Plaintiff alleges that a prison official refused to process his prison grievance, but as has been stated, such a refusal does not rise to the level of a constitutional violation. See Dunn, 178 F. App'x at 878. Second, the motion alleges that "Deputy Warden Emmons had me, Bettis, moved to [a] dorm where younger inmates were in which … Emmons helped … Orr set me up to get killed, murdered, to make my death look like a gang related homicide…." (August Motion, Doc. 15, p. 4) (capitalization altered). Emmons then supposedly denied Plaintiff's request to be transferred to a different prison, and the deputy warden

placed Plaintiff in solitary confinement where he was attacked. Plaintiff has no constitutional right to be housed in any particular prison facility, *see* Freeman v. Fuller, 623 F. Supp. 1224, 1227 (D.C. Fla. 1985), and the allegation concerning Emmons's conspiring with Orr fails to state a claim because it is conclusory.

**Additional Complaint**

In the Recommendation, the magistrate judge interprets pages five through thirteen of the July Motion, as well as the first two exhibits to that motion, as forming an entirely new complaint relating to a purported attack on Plaintiff in June 2014 and providing a new IFP motion. The Court agrees. The Clerk of Court is directed to open a new case file using the Documents 13, pp. 5-14; 13-1; and 13-2, that will then be reviewed pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this the 7th day of October, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr